IN THE DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| PAUL OPENA EVARISTO, | ) | CIVIL CASE NO. 16-00024 |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| SOCIAL SECURITY, | ) | and |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

**ORDER**

The court has reviewed Plaintiff's Complaint and his request for a waiver of fees (the "Application"). Based upon his Application, it appears that Plaintiff is qualified to proceed *in forma pauperis*, without paying the necessary fees as he has stated in his Application that he has a limited monthly income. However, the court orders that his Application to proceed *in forma pauperis* and thus move forward with this case be denied since it is also recommending below that his case be dismissed without prejudice.

**REPORT & RECOMMENDATION**

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a)[1] to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

---

[1] Under this statute, federal courts can authorize the filing of a law suit without prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrates an inability to pay such costs or give such security. The Plaintiff's Application is considered the "affidavit" required under 28 U.S.C. § 1915(a)(1).

2000) (*en banc*) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). A complaint must meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In this case, the Plaintiff has checked the "Federal question" box on the form Complaint, indicating that the basis for jurisdiction in this court is a federal question. *See* Compl. at §II (Basis for Jurisdiction), ECF No. 1. Section III of the form Complaint instructs the Plaintiff to "[w]rite a short and plain statement of the claim . . . [and s]tate as brieflty as possible the facts showing that each plaintiff is entitled to damages or other relief sought." *Id.* at §III (Statement of Claim). There, the Plaintiff wrote "They have enough doctor's evidence on my disabilities." This single sentence does not meet the requirements of Rule 8(a). The Complaint does not contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.

Based on the lone statement contained in the Complaint, it appears the Plaintiff is challenging a decision of the Commissioner of the Social Security Administration ("SSA") regarding disability benefits.[2] A prerequisite to bringing a civil action against the SSA, the Plaintiff must exhaust his administrative remedies as set forth in the Social Security Act. *See* 42 U.S.C. § 405(g). "Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a

---

[2] The court notes that on the date the instant Complaint was filed, the Plaintiff also filed a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision. *See Paul Opena Evaristo v. Social Security*, Civil Case No. 16-00023. The below-signed judge has also recommended that said case be dismissed.

hearing held by the [Commissioner of Social Security], and (2) the [Commissioner of Social Security] has made a final decision on the claim." *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). What constitutes a "final decision" is defined through agency regulations rather than statutory text. *See* 42 U.S.C. § 405(a). Generally, if the SSA denies an application for disability benefits, the claimant can request reconsideration of the decision. 20 C.F.R. §§ 404.900(a)(2), 404.907-404.909 and 404.920. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). *See* 20 C.F.R. §§ 404.900(a)(3), 404.930 and 404.933. If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. *See* 20 C.F.R. §§ 404.900(a)(4) and 404.955. If the Appeals Council declines to review the ALJ's decision, the ALJ's ruling will stand as the final decision, and a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.900(a)(5) and 404.981.

In this case, the Plaintiff has not alleged that he exhausted his administrative remedies. The Plaintiff has not attached a copy of the Commissioner's final decision. The Plaintiff has not alleged that he petitioned the Social Security Appeals Council for review, nor has he alleged that the Appeals Council denied his request for review. The Plaintiff has not attached to the Complaint a copy of the notice he received from the Appeals Council that his appeal was denied. Because of these omissions, the court is unable to determine whether the Complaint was timely filed.

Accordingly, the court recommends that the Plaintiff's Complaint be dismissed, subject to Plaintiff's ability to amend the complaint to meet the pleading requirements of Rule 8(a) and to show that he had exhausted his administrative remedies as set forth in 42 U.S.C. § 405(g).



**/s/ Joaquin V.E. Manibusan, Jr.**
     **U.S. Magistrate Judge**
**Dated: Jul 19, 2016**

### NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**